**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN UNIVERSITY,<br><br>Defendant. | **Civil Action No: 1:17-CV-6583**<br><br>**Hon. Robert M. Dow, Jr.**<br>**Magistrate Judge Jeffrey Cole** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNOPPOSED MOTION FOR PERMISSION TO PROCEED**
**UNDER A PSEUDONYM**

## I. INTRODUCTION

Plaintiff John Doe ("John"), by his undersigned attorneys, submits this Memorandum of Law in Support of his Unopposed Motion for Permission to Proceed Under a Pseudonym ("Motion").[1] John, a former student at Defendant Northwestern University ("Northwestern" or the "University"), files this Motion to proceed under a fictitious name in his Complaint and all other filings in the case to maintain and protect his privacy and reputational interests as he seeks redress against the University for its mishandling of false allegations of sexual misconduct and harassment brought against him by his ex-girlfriend, a female undergraduate student at the University. John also seeks to maintain her privacy by referring to her as "Jane Roe." All of John's causes of action arise from the University's conduct in the course of a confidential disciplinary investigation and adjudication proceeding, and involve highly sensitive, personal

---

[1] Undersigned counsel has conferred with Defendant Northwestern University and confirmed that the University does not oppose the relief sought in this Motion.

matters, including John and Jane Roe's personal and sexual relationship and her allegations of sexual misconduct. In bringing this suit, John seeks to clear his name. Inclusion of John's name in the Complaint and court filings would result in the public association of his name with the University's erroneous finding of sexual misconduct and sexual harassment, thereby defeating the very purpose of his suit and causing the reputational and discriminatory harm that the suit seeks to prevent. If he is forced to reveal his identity in the Complaint, it is more likely that Jane Roe's identity would also become public knowledge. The University is fully aware of the actual identities of John and Jane Roe and, as explained below, will not be prejudiced in any way by John's use of these pseudonyms for the filings in the case – all of which will be publicly available.

## II. FACTUAL BACKGROUND

The facts underlying this lawsuit are set forth in detail in John's Complaint, filed contemporaneously with this Motion, and will not be repeated here. To summarize briefly, John filed this action for declaratory and injunctive relief and for damages arising out of the actions taken by Northwestern and its agents concerning a false accusation of sexual assault and rape made against John, then a student at Northwestern with an unblemished academic and disciplinary record, by his ex-girlfriend, also a Northwestern student. (Compl. ¶ 1). The University's mishandling of the accusation and its deeply flawed, biased disciplinary process resulted in John's "exclusion," a severe punishment consisting of a minimum two-year separation from the University. (Compl. ¶ 2).

As a result of the University's actions, John's academic and professional prospects have been shattered and his economic future has been severely compromised. John's educational record will permanently reflect that he was excluded from the University for a violation of the

Sexual Misconduct Policy, and the University will report his disciplinary record to third parties, including schools to which he might try to transfer, graduate schools, prospective employers, and employers. (Compl. ¶¶ 48). Through its unfair Sexual Misconduct Policy, Northwestern has branded John as a sexual offender. In addition, the University's finding of sexual assault has lasting social and reputational harm. Northwestern's conduct has caused John severe emotional and physical distress, including panic attacks, loss of appetite, an inability to sleep through the night, nightmares, and anxiety, all requiring counseling. He has been diagnosed with post-traumatic stress syndrome. He has expressed a desire to kill himself more than once. (Compl. ¶¶ 49-53).

For all these reasons, John brings this action to obtain injunctive and declaratory relief and monetary damages based on causes of action under Title IX of the Education Amendment of 1972, breach of contract, estoppel and reliance, negligent infliction of emotional distress, and defamation. (Compl. ¶ 54).

## III. ARGUMENT

This Court should grant John's Motion in order to prevent the unnecessary disclosure of his identity and the identity of Jane Roe. Maintaining the confidentiality of their identities will protect their privacy and reputational interests, guard against the imposition of additional damages, and will not disadvantage the University in any way.

### A. General Principles Governing Pseudonymous Filings

Although Fed. R. Civ. P. 10(a) requires that a complaint name all parties, federal courts in this Circuit permit the use of pseudonyms when the potential harm to the party requesting anonymity outweighs the possible prejudice to the opposing party. Under well-settled precedent in this Circuit, "'the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to

the [party requesting anonymity] … exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011) (citing *City of Chicago*), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2012). The decision whether to permit parties to proceed anonymously is "left within the discretion of the district court." *Elmbrook Sch. Dist.*, 658 F.3d at 721.

District courts in this Circuit permit a party to proceed anonymously "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Indiana Black Expo*, *Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996), quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "Courts dealing with requests to proceed under fictitious names have avoided trying to articulate any mechanical legal test." *Id.* Because "[t]here is no simple formula" for determining when to allow the use of pseudonyms, the courts have identified "a number of factors that should be considered to determine whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Id.* at 139-40.

These include the following non-exclusive factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Doe v. City of Indianapoli*s, No. 1:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind. Feb. 27, 2012); *see also Indiana Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-

factor test). "[A] judge presented with a request to proceed under a fictitious name should carefully review *all* the circumstances of a given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.*, citing *Frank*, 951 F.2d at 323.[2]

Other courts have considered similar factors. For example, in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008), the Second Circuit set forth a non-exhaustive list of factors to conduct this analysis that closely mirrors the factors articulated in *Indiana Black Expo*:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

---

[2] The Seventh Circuit has also specifically endorsed the use of fictitious names for certain categories of litigants, including children, rape victims, and "other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).

> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations and quotation marks omitted); *see also Elmbrook Sch. Dist*., 658 F.3d at 724 (citing with approval *Sealed Plaintiff's* "balancing inquiry").

### B. The Factors Used to Determine Whether to Permit Filing Under a Fictitious Name Heavily Weigh in John's Favor

The factors set forth above when viewed in totality strongly weigh in favor of permitting John to use pseudonyms in this case.[3] John, along with the female complainant in the underlying disciplinary proceeding, has a substantial privacy right that outweighs the public's interest in access to identities of litigants and the customary presumption of openness in judicial proceedings. Prosecution of this lawsuit will compel the disclosure of intimate, highly personal information in the form of explicit details of John's and Jane Roe's sexual activities. Because this case seeks redress for the University's mishandling of sexual misconduct allegations against John, he has a reasonable fear that he will suffer retaliation, social stigmatization and reputational harm if he is denied the opportunity to pursue this action without a pseudonym. There is no risk of prejudice to the University. The University knows the true identities of John and Jane Roe, and all of John's filings in the case will be publicly available. Only his name and that of Jane Roe will be shielded from public disclosure. Indeed, permitting John to use these pseudonyms will further the University's interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual

[3] With respect to the *City of Indianapolis* factors, the first and third factors are not applicable to this case, as John is not challenging governmental activity and he will not be compelled to admit an intention to engage in illegal conduct. As explained below, all of the other *City of Indianapolis* factors apply to this case and weigh in favor of allowing John to proceed anonymously.

misconduct, like those leveled against John in the underlying proceeding. Although the public has a legitimate interest in the *legal issues* John raises in his Complaint, including issues of fairness, gender discrimination, and contractual obligations owed by colleges to accused students in disciplinary proceedings involving sexual misconduct allegations, the actual identities of the individuals are of minimal importance to the public. John is not a public figure and has maintained the confidentiality of his identity. He has revealed information about the student disciplinary proceeding to which he was subjected only to a small inner circle of persons with a need to know, including his parents, immediate family, and attorneys. Finally, and perhaps most importantly, if the Court denies John's Motion, John will suffer the very harm that he is seeking to undo with the filing of his Complaint. Public disclosure may serve not only as a deterrent to John, but also to other wrongly accused students seeking redress through the only avenue available to them – the courts.

In *Doe v. Univ. of Notre Dame*, 3:17-CV-298-PPS/MGG (N.D. Ind. May 8, 2017) ECF Doc. No. 46, the district court considered all of these factors, and ruled in favor of granting plaintiff's pseudonym motion. That ruling is instructive here. (A copy of the court's Order is attached hereto as Exhibit A.) *Notre Dame* involved a set of facts similar to those in the instant case: Plaintiff John Doe was a student at the University of Notre Dame who filed a lawsuit in the Northern District of Indiana alleging gender bias, among other flaws, in a University disciplinary process in which he was found responsible for dating violence and sexual harassment. *Id.* at *1, ¶¶ 1, 2. Plaintiff moved for permission to proceed pseudonymously and also to maintain the privacy of the other student involved by referring to her as "Jane Roe." *Id.* at *2, ¶ 5. The University did not oppose the motion. *Id.*, ¶ 7. The District Court granted Plaintiff's motion after a discussion of the *City of Indianapolis* and *Sealed Plaintiff* factors and

determined that Plaintiff's privacy rights were "so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at *8, ¶ 36 (internal citations omitted). In fact, the Court noted that *all* of the applicable factors weighed in favor of allowing the Plaintiff to proceed anonymously given that the litigation would "require disclosure of information of the utmost sensitivity, including highly sensitive, personal information concerning Plaintiff's and Jane Roe's sexual relationship, Jane Roe's allegations of sexual misconduct, and the University's decision finding Plaintiff responsible for the allegations." *Id.* at *4-5, ¶¶ 19-20.

As was the case in *Notre Dame*, when considering all of the relevant factors, John's claims raise more than sufficient privacy concerns to justify proceeding anonymously. *See also City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686, at *4-7 (granting plaintiff's pseudonym motion in lawsuit seeking to challenge the Indiana sex offender registry, noting the case would require disclosure of information of the utmost intimacy, involved purely legal issues, and proceeding anonymously would not prejudice defendants because they would have access to plaintiff's personal information); *Doe v. Massac Unit Sch. Dist. #1*, No. 12-CV-268-MJR-DGW, 2012 U.S. Dist. LEXIS 65403, at *1-3 (S.D. Ill. May 10, 2012) (granting pseudonym motion in case involving alleged sexual abuse and psychiatric harm caused by the abuse); *Doe v. Maywood Hous. Auth.*, No. 93 C 2865, 1994 U.S. Dist. LEXIS 13451, at *1-2 (N.D. Ill. Sept. 22, 1994) (permitting plaintiffs to proceed anonymously in sexual harassment case and issuing contempt order to defendant's attorney for disclosing plaintiffs' true names in answer to complaint).

John addresses each of these factors below.

**First**, this litigation will require disclosure of information of the "utmost intimacy," including highly sensitive, personal information concerning John and Jane Roe's sexual

relationship and Jane Roe's allegations of sexual misconduct. Courts across the country (including in *Doe v. Notre Dame*, *supra*) have allowed student-plaintiffs who have brought claims against colleges and universities stemming from investigations of sexual misconduct to proceed anonymously, and a substantial number of colleges and universities have recognized this substantial privacy right by not opposing student-plaintiffs' motion to proceed anonymously (as Northwestern has done here). *See*, *e.g*., *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. Mar. 31, 2016) (holding plaintiff's "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ*., 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Colgate Univ*., No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of sexual misconduct can proceed anonymously after balancing all pseudonym factors); *Doe v. Brandeis*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015) (permitting use of pseudonym after weighing factors because student-plaintiff could be subject to "social stigmatization" if his identity were disclosed in lawsuit against university which found him responsible for sexual misconduct); *Doe v. Swarthmore Coll*., No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding the student-plaintiff's application of pseudonym factors to his case "compelling").[4]

---

[4] *See also Doe v. Trs. of Univ. of Pennsylvania*, 2:16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ECF Doc. No. 12 (granting motion for pseudonym, noting the plaintiff "has a legitimate fear or significant

Accordingly, this factor weighs in favor of anonymity.

**Second**, John seeks to proceed using a pseudonym to minimize the reputational harm and social stigma attached to the University's finding of responsibility for sexual misconduct and abusive or harassing behavior. There is no question that being charged and found responsible for sexual misconduct by a prestigious educational institution bears a strong social stigma. *See, e.g., Doe v. Notre Dame*, *supra*, at *6 ("Further, being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma."); *Doe v. Brandeis*, No. 15-11557-FDS, 2016 U.S. Dist. LEXIS 43499, at *93 (D. Mass. Mar. 31, 2016) (a "student who is found responsible for sexual misconduct will likely face substantial social and personal repercussions"); *Doe v. Rector & Visitors of George Mason Univ*., 149 F. Supp. 3d 602, 613 (E.D. Va. 2016) (noting that a charge of sexual misconduct "plainly calls into question plaintiff's good name, reputation, honor, or integrity") (citation omitted).

**Third**, John could be subjected to retaliatory physical or mental harm should his name become public. The University is prohibited pursuant to federal law from disclosing John's identity and records related to his disciplinary proceeding to third parties without John's consent. *See* Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (protecting the privacy

---

harm should the preliminary finding of his responsibility for a sexual assault be made public"); *Doe v. Washington & Lee Univ*., No 6:14-cv-00052 (W.D. Va. Dec. 16, 2014) ECF Doc. No. 13 (allowing plaintiff to proceed under pseudonym, with no indication on docket of opposition); *Doe v. Univ. of S. Fla. Bd. of Trs*., No. 8:15-cv-682-T-30EAJ (M.D. Fla. May 29, 2015) (allowing plaintiff to proceed anonymously); *Doe v. Reed Institute*, No. 3:15-cv-617 (D. Or. Apr. 14, 2015) ECF Doc. No. 9 (granting plaintiff's unopposed motion to proceed under pseudonym); *Doe v. Washington & Lee Univ*., No. 6:14-cv-00052-NKM-RSB (W.D. Va. Dec. 12, 2014) ECF Doc. No. 13 (noting an oral order granting plaintiff's motion to proceed under pseudonym); *Doe v. Univ. of Colo., Boulder*, No. 1:14-cv-03027-RM-MEH (D. Colo. Nov. 7, 2014) (proceeding pseudonymously throughout the case); *Doe v. Williams Coll.*, No. 1:13-cv-11740 (D. Mass. Sept. 5, 2013) ECF Doc. No. 12 (order granting accused student's motion to proceed pseudonymously and granting motion for protective order); *Doe v. George Washington Univ.*, No. 1:11-cv-00696-RLW (D.D.C. Apr. 8, 2011), ECF Doc. No. 2 (order granting accused student plaintiff's motion to proceed under pseudonym).

interests of student education records). Further, the University conducts disciplinary proceedings involving sexual misconduct with the utmost confidentiality. These privacy protections are in place at least in part to avoid physical or emotional retaliation against students involved in such proceedings. Due to the confidentiality of the underlying disciplinary proceeding, John has not yet been subjected to retaliation. However, should John's name become public with respect to the underlying allegations of sexual misconduct, it is not unreasonable to believe that John could be subjected to retaliation.

**Fourth**, while John and Jane Roe are not "children," both are young college students. Their young age weighs in favor of permitting John and Jane Roe's identities to remain private. *See Doe v. Columbia Univ*., 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved.")

**Fifth**, if John's identity becomes a matter of public record, the negative publicity it would bring to John would entirely defeat the purpose of the suit, which is to clear his good name and vindicate his rights. *See Doe v. Notre Dame*, *supra*, at *8, ¶ 34 ("Plaintiff will incur the injury he is seeking to avoid with the filing of his complaint if his identity is publically disclosed…");*Doe v. Town of Madison*, No. 3:09-cv-2005 (JCH), 2010 U.S. Dist. LEXIS 31487, at *5-6 (D. Conn. Mar. 31, 2010) (granting plaintiff's motion to proceed anonymously in part because the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity); *Doe v. Rostker*, 89 F.R.D. 158, 161-62 (N.D. Cal. 1981) (observing that a plaintiff may proceed pseudonymously if use of his or her name would "indelibly connect" the plaintiff to a "stigmatizing" characteristic, regardless of the outcome of the litigation). The "indelible connection" to a "stigmatizing characteristic" – here the University's decision finding John

responsible for sexual misconduct – is precisely the reputational harm that John will suffer if required to use his actual name. In the age of the Internet and Google, John's name would be forever related to the University's finding of sexual misconduct, regardless of the ultimate outcome of this lawsuit. Additionally, if John's identity is made public, he will almost certainly be severely hampered in his future educational prospects and employment opportunities. *See, e.g., Brandeis.*, 2016 U.S. Dist. LEXIS 43499, at *93 ("A finding of responsibility for sexual misconduct can also have significant consequences off-campus. Post-graduate educational and employment opportunities may require disclosure of disciplinary actions taken by a student's former educational institution.").[5] Under such circumstances, pseudonymous litigation is necessary and appropriate, and no other measure would accomplish such purpose.

**Sixth**, the University will not suffer any prejudice or be unfairly disadvantaged in defending this case if John proceeds anonymously. As previously noted with respect to the first factor, numerous federal courts have allowed student-plaintiffs, like John, to proceed under a pseudonym in cases against their colleges for alleged mishandling of sexual misconduct proceedings. Further, unlike other cases where prejudice to the defendant is a concern because the defendant did not know the plaintiff's identity, the University knows John's actual identity and will be entitled to the same full discovery just as if John was litigating under his own name. *See, e.g., Doe v. Notre Dame, supra*, at *6, ¶ 29 (finding that there was no prejudice to the Defendant University where the University knew the identities of all students involved); *Colgate*, 2016 U.S. Dist. LEXIS 48787, at *10 ("[T]he Court finds that the recent increase in media

[5] *See also George Mason Univ.*, 149 F. Supp. 3d at 614, n.9 ("In the context of academic discipline, the possibility that a disciplinary violation will interfere with later opportunities for higher education and employment is so clear as to almost be a truism.… if plaintiff seeks education or employment with institutions or organizations that require disclosure of such records, plaintiff's only options are to forgo opportunities with those institutions or organizations or to authorize the dissemination of records that would likely foreclose plaintiff's ability to pursue such opportunities because of the allegedly defamatory nature of the records.") (internal citations omitted).

attention focused on the epidemic of sexual assaults on college campuses negates any resulting prejudice Defendants would incur if Plaintiff were allowed to proceed anonymously. Defendants know Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly."); *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) ("The only justification the defendants offer for stripping Roe of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public."); *AF Holdings LLC v. Doe*, No. 12 C 4222, 2012 U.S. Dist. LEXIS 162487, at *8 (N.D. Ill. Nov. 13, 2012) (finding AF Holdings "will not be unfairly prejudiced because AF Holdings will know Movant's true identity and be able to prosecute its claims appropriately").

**Seventh**, John has taken scrupulous steps to keep his identity confidential. John has not disclosed his involvement in this matter beyond his parents, immediate family, and attorneys. Further, as previously noted with respect to the third factor, the University is prohibited pursuant to federal law from disclosing John's identity and records related to his disciplinary proceedings to third parties without John's consent, and its disciplinary proceedings involving allegations of sexual misconduct are conducted in private. *See* Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (protecting the privacy interests of student education records).[6] Therefore, this factor weighs in John's favor.

**Eighth**, although there is a public interest in the *legal issues* raised in John's Complaint –

[6] Notably, John's identity has *never* been publicly disclosed, unlike litigants in other cases. *See, e.g., Doe v. Bell Atl. Bus. Sys. Servs.*, 162 F.R.D. 418, 421-22 (D. Mass. 1995) (denying motion to proceed under pseudonym where plaintiff, an alleged rape victim filing an employment discrimination claim, had already been named in a related case and in publicly available administrative complaints).

and in similar complaints brought by an increasing number of accused students who have been forced (like John) to assert their rights in the courts against their colleges for wrongful student disciplinary actions – the public has little interest in knowing, and no compelling need to know, the actual identities of the student-litigants and their accusers. There is "an atypically weak public interest in knowing the litigants' identities" due to the "purely legal nature of the issues presented …." *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006); *Doe v. Notre Dame*, *supra*, at *7, ¶ 30 ("[T]the actual identities of the individuals are of minimal importance to the public."); *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686, at *6 (finding "the public's interest in disclosure is weakened because Plaintiff's case presents a pure issue of law …."). Moreover, protecting John's identity will not "impede the public's ability to follow the proceedings." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001); *accord Doe v. Stegall*, 653 F.2d 180,185 (5th Cir. 1981) ("Party anonymity [will] not obstruct the public's view of the issues joined or the court's performance in resolving them."). John only seeks to protect his identity and the identity of his accuser. All filings submitted to the Court will be a matter of public record, and will be available for public review. *See Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *20-21 (N.D. Ill. Mar. 7, 2013) (finding the harm to the public interest "is minimal" because plaintiff "does not request that the case move forward under seal, nor does he move for a blanket protective order ….").

**Ninth**, John may be deterred from pursuing his case in court if the price he must pay is being publicly identified. There is no alternative mechanism outside of the Court's permission to proceed anonymously to protect John's confidentiality. Furthermore, if John is publicly identified, the University community and anyone loosely associated with the parties will have all the information necessary to quickly and easily ascertain the identity of Jane Roe. Maintaining

the anonymity of John is imperative to maintaining the anonymity of all those involved in his case. The impact of this chilling effect may also deter other similarly-situated individuals – including those who have been falsely accused of sexual misconduct and unfairly adjudicated by their colleges and universities – who turn to the courts as their last best hope to vindicate their rights. Courts have determined that there is a substantial public interest in ensuring that cases involving important issues like those in John's case are adjudicated without the risk of stigmatization. Therefore, this factor weighs in John's favor.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff John Doe respectfully requests that this Court grant Plaintiff's Unopposed Motion for Permission to Proceed Under a Pseudonym.

Dated: September 12, 2017

Respectfully submitted,

JOHN DOE

By: */s/* Jonathan M. Cyrluk
One of his attorneys

Jonathan M. Cyrluk (ARDC No. 6210250)
Carpenter Lipps & Leland LLP
180 North LaSalle Street
Suite 2105
Chicago, IL 60601
Phone: (312) 777-4300
Email: cyrluk@carpenterlipps.com

Patricia M. Hamill
(Admission *Pro Hac Vice* Pending)
Jeannette M. Brian
(Admission *Pro Hac Vice* Pending)
CONRAD O'BRIEN PC
Centre Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Phone: (215) 864-9600
Email: phamill@conradobrien.com
jbrian@conradobrien.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiff's Unopposed Motion for Permission to Proceed Under a Pseudonym to be served upon counsel for Defendant Northwestern University listed below by email and U.S. First Class Mail this 12th day of September, 2017:

Sarah K. Wake, Esquire
Associate General Counsel
Northwestern University
633 Clark St.
Evanston, IL 60208
sarah.wake@northwestern.edu

*Counsel for Defendant Northwestern University*

*/s/ Jonathan M. Cyrluk*
Jonathan M. Cyrluk, Esquire
Carpenter Lipps & Leland LLP
180 North LaSalle Street, Suite 2105
Chicago, IL 60601
Phone: (312) 777-4300
Email: cyrluk@carpenterlipps.com