**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No. 17-cv-6583 |
| Plaintiff, | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff John Doe and Defendant Northwestern University, through their respective attorneys, and pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Standing Order, submit the following joint initial status report in advance of the status conference set for November 28, 2017, at 9:00 a.m.

A. <u>The attorneys of record for each party, including the attorney(s) expected to try the case.</u>

Plaintiff is represented by Jonathan M. Cyrluk and Joshua Goldberg of Carpenter Lipps & Leland LLP in Chicago, Illinois, and Patricia M. Hamill, Jeannette M. Brian, and Lorie K. Dakessian of Conrad O'Brien PC in Philadelphia, PA. Patricia Hamill, Lorie Dakessian, and Jon Cyrluk are expected to try the case.

Defendant is represented by Scott L. Warner, Katelan E. Little, and Gwendolyn B. Morales of Franczek Radelet P.C. in Chicago, Illinois, and Adam L. Hoeflich and Christopher J. Lind Bartlit Beck Herman Palenchar & Scott LLP in Chicago, Illinois. Scott Warner, Adam Hoeflich, and Chris Lind are expected to try the case.

B. <u>The basis for federal jurisdiction.</u>

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq*. and ancillary and/or pendent jurisdiction over Plaintiff's state law claims pursuant to 20 U.S.C. § 1367. Plaintiff also alleges that the Court has diversity jurisdiction over his state law claims pursuant to § 1332 because this matter involves an amount in controversy excess of $75,000.00 and is between citizens of different states.

C. <u>The nature of the claims asserted in the complaint and any counterclaim.</u>

The Complaint includes claims for alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Count I). The Complaint also includes the following state law claims: Breach of Contract (Count II); Estoppel and Reliance (Count III); Negligent Infliction of Emotional Distress (Count IV); Unfair or Deceptive Trade Practices (Count V); and Defamation Per Se (Count VI).

D. <u>The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.</u>

N/A

E. <u>The principal legal issues.</u>

The principal legal issues in this case are: (1) whether Plaintiff was subjected to a sexually hostile environment in connection with the investigation and resolution of the allegations of sexual misconduct that were made against him; (2) whether Defendant was deliberately indifferent to any sexual harassment to which Plaintiff claims he was subjected; (3) whether Defendant selectively enforced its policy against sexual misconduct in a way that discriminated against Plaintiff based upon his sex; (4) whether the outcome of the investigation and resolution of the allegations of sexual misconduct against Plaintiff was erroneous and based upon his sex; (5) whether Defendant breached any contract it had with Plaintiff; and (6) whether Defendant is liable under a theory of promissory estoppel or for negligent infliction of emotional distress, unfair or deceptive trade practices, or defamation.

F. <u>The principal factual issues.</u>

The principal factual issues in this case relate to (1) Defendant's investigation of Jane Doe's accusation against Plaintiff and the University's findings and outcome of the disciplinary proceedings that are the subject of the Complaint; (2) any communications between Defendant and third parties relating to Plaintiff; and (3) whether Plaintiff suffered any injury or damages as the result of Defendant's alleged conduct.

G. <u>Whether a jury trial has been demanded by any party.</u>

Plaintiff has demanded a jury trial.

H. <u>The status of discussions involving mandatory initial discovery responses, including any resolved an unresolved issues regarding it.</u>

The parties conducted an initial discovery planning conference on November 20, 2017 for purposes of preparing this report and discussing other related issues. Because the current deadline for the initial mandatory discovery disclosures is December 27, 2017, the parties have not yet discussed the mandatory initial discovery responses in detail but plan to do so following the initial status hearing in this matter, which is set for November 28, 2017, if this matter is not resolved.

I. A brief description of any discovery, apart from the Court-ordered discovery required under the Standing Order implementing the Mandatory Initial Discovery Pilot Project, that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff.

(1) The parties have not taken any discovery to date. Because Defendant intends to move to dismiss the Complaint in its entirety, it is not yet clear whether or as to which clams discovery will be needed. If this case proceeds to discovery, the following types of discovery are anticipated: interrogatories and requests to admit; production of documents and electronically stored information; and depositions.

(2) The parties anticipate that fact discovery could be completed within 180 days of the Court's ruling on Defendant's motion to dismiss, if any claims remain.

(3) To the extent the parties retain testifying expert witnesses, the parties will exchange initial expert reports within 30 days of the close of fact discovery.

(4) The parties suggest filing any dispositive motions within 60 days of the close of all discovery.

J. If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

Given the current status of the case, the parties do not believe that a trial date or the length of any trial is reasonably ascertainable at this stage. In general, the parties believe that the case would be ready to be tried approximately 60 days after a ruling on any motions for summary judgment or after the close of all discovery absent any motions for summary judgment.

K. Whether the parties consent unanimously to proceed before a Magistrate Judge.

The parties do not consent unanimously to proceed before a Magistrate Judge.

L. The status of any settlement discussions.

The parties have been engaged in good faith discussions to determine if this matter can be resolved without further litigation. Those discussions are not yet complete, but the parties anticipate that those discussions should be concluded within the next 30 days.

M. Whether the parties request a settlement conference.

The parties do not request a settlement conference at this time.

Date: November 21, 2017                                    Respectfully Submitted,

s/ Jonathan M. Cyrluk                                       s/ Scott L. Warner

Jonathan M. Cyrluk (6210250)                                Scott L. Warner (06231380)
cyrluk@carpenterlipps.com                                   slw@franczek.com
Joshua Goldberg (6277541)                                   Katelan E. Little (06309560)
jgoldberg@carpenterlipps.com                                kel@franczek.com
Carpenter Lipps @ Leland LLP                                Gwendolyn B. Morales (06297233)
180 North LaSalle Street, Suite 2105                        gbm@franczek.com
Chicago, IL 60601                                           Franczek Radelet P.C.
(312) 777-4620                                              300 S. Wacker Dr., Suite 3400
                                                            Chicago, IL 60606
s/ Patricia M. Hamill                                       (312) 986-0300

Patricia M. Hamill (Pro Hac Vice)                           s/ Adam L. Hoeflich
phamill@conradobrien.com
Jeannette M. Brian (Pro Hac Vice)                           Adam L. Hoeflich (6209163)
jbrian@conradobrien.com                                     adam.hoeflich@bartlit-beck.com
Lorie K. Dakessian (Pro Hac Vice)                           Christopher J. Lind (6225464)
ldakessian@conradobrien.com                                 chris.lind@bartlit-beck.com
Conrad O'Brien PC                                           Bartlit Beck Herman Palenchar & Scott LLP
Center Square West Tower                                    54 W. Hubbard Street, Suite 300
1500 Market Street, Suite 3900                              Chicago, Illinois 60654
Philadelphia, PA 19102-2100                                 (312) 494-4400
(215) 864-8071

Attorneys for Plaintiff                                     Attorneys for Defendant

4

2438441.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 21, 2017, he electronically filed the foregoing **JOINT INITIAL STATUS REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

>Jonathan M. Cyrluk
>Joshua Goldberg
>Carpenter Lipps & Leland LLP
>180 North LaSalle Street, Suite 2105
>Chicago, IL 60601
>Email: cyrluk@carpenterlipps.com
>   jgoldberg@carpenterlipps.com
>
>Patricia M. Hamill (Pro Hac Vice)
>Jeannette M. Brian (Pro Hac Vice)
>Lorie K. Dakessian (Pro Hac Vice)
>Conrad O'Brien PC
>Center Square West Tower
>1500 Market Street, Suite 3900
>Philadelphia, PA 19102-2100
>Email:  phamill@conradobrien.com
>   jbrian@conradobrien.com
>   ldakessian@conradobrien.com

>/s/ Scott L. Warner
>Scott L. Warner